*Circuit Court of Piatt County, Ill.*

## SMYTHE ET. AL. VS. MONTICELLO MUTUAL BUILDING, LOAN AND HOMESTEAD ASSOCIATION.

### Loan Associations—Act Unconstitutional.

The act authorizing the formation of loan associations, is a matter of special legislation in this, that it confers upon such corporations special privileges, and therefore it is obnoxious to the constitutional clause prohibiting special legislation. It confers upon such corporations the right to loan money at a greater rate of interest than ten per cent., and is therefore a special law regulating the rate of interest, which is expressly prohibited by the Constitution.

Such associations may be formed under the general law relating to the organization of corporations, and this being so, the act is also obnoxious to that clause of the Constitution which provides that in all other cases where a general law can be made applicable, no special law shall be enacted.

THE Supreme Court of Massachusetts, in Mellon vs. Morrill, an action of tort for personal injuries, held, that the occupier of a building who negligently permits the building or the access to it to be in an unsafe condition is liable for an injury occasioned thereby to a person whom he, by an invitation, express or implied, induces to enter upon it. He is liable, because it is negligence in him to invite a person to enter upon a dangerous place without proper warning. Sweeny vs. Old Colony R. R., 10 Allen 361; Carlton vs. Franconia Iron and Steel Co., 99 Mass., 216. But the defendant was not the occupier of the land and did not expressly or impliedly invite the plaintiff to enter upon it. He had leased it to a tenant. The fact that the walk was in the same condition before the devise is not material. The tenant alone had the right to determine the purposes for which he would use the premises. If he used them so as to impliedly invite people to visit them in the night, it was his duty to make them safe by a railing or a light or other warning. It was not the duty of the landlord, and indeed he could not have the right, without the consent of the tenant, to do this. We are of opinion that upon the facts offered to be proved in this case, if any one is liable, it is the tenant and not the defendant. Leonard vs. Storer, 115 Mass., 86.

*N tes of Recent Decisions in Supreme Court of Pa.*

J. T., a member of the firm of T. & F., whose business was the laying of wooden pavement, accepted a draft drawn in favor of the plaintiffs, signing his name "J. T. for T. & F." There was evidence that F., the other partner, had been shown the draft and made offers as to its payment:

*Held,* that this was sufficient evidence of a ratification by F. to send the case to the jury.

*Held further,* that evidence tending inferentially to disprove the alleged admission of liability by F. (e. g., that

the firm received no consideration) was inadmissible.—
*Filbert v. Bickel.*

The rule of law by which an endorsement on a note of a
payment of interest, in the handwriting of the holder,
proven to have been made within six years of the date of
the note and action brought, tolls the statute of limitations,
is not applicable to a joint and several note.   Clark vs.
Brun et. al., 6 WEEKLY NOTES, 294, followed.—*Lazarus
vs. Fuller.*

Where real estate is sold by an assignee for the benefit
of creditors under the Act of 17 February, 1876, interest
on the liens is to be allowed until the day when the sale
is finally confirmed by the Court.—*Carver's Appeal.*

On a sale of real estate by an assignee for benefit of
creditors under the Act of 17th February, 1876, the day of
the confirmation of sale is the date when an absolute con-
version of the land into money takes place; and the liens
discharged by the sale must be paid out of the proceeds
according to their priority, as they existed on that day.
Interest on such liens should be computed to the time of
final confirmation only, and not to the date of payment of
the purchase-money.   Act of 17th February, 1876 (P. L.
4) discussed by MURCUR, J.—*Tomlinson's Appeal.*

Upon a sale of real estate by an assignee for the benefit
of creditors under the Act of February 17, 1876 (P. L. 4),
liens which exist at the date of confirmation of the sale
are discharged, and are payable out of the proceeds, ac-
cording to their priority.   The fact that the lien of a judg-
ment in force at the time of sale and confirmation, expires
before the time fixed for the payment of the purchase-
money, is immaterial.   Carver's and Tomlinson's Appeal,
followed.—*Herbst and Buehler's Appeal.*

In a proceeding for distribution in the Orphans's Court,
no one can claim but through the decedent as creditor,
legatee, or next of kin.   A claimant at distribution in the

Orphans' Court who is neither creditor, legatee, nor next of kin of the decedent, cannot waive the tort of a trustee who fraudulently received money for the estate, and sue the estate for money had and received, however he might do so against the trustee accountant.—*Braman's Appeal.*

When borough authorities fail to protect by guards a place of unusual danger on a much travelled road, the question of their negligence is to be left to the jury. The plaintiff's son was driving along the principal street of the Borough of Pittston; at a point where the road was only thirty-six feet wide, and where the Lehigh Valley Railroad passes twelve feet below the level of the street, a train came suddenly in view, and frightened his horses. There being no barrier at the side of the street, the horses and wagon fell over the side, and the plaintiff's son was seriously injured. In an action by the plaintiff against the borough, to recover damages for the loss of the services of his son:

*Held*, that although the accident would not have happened but for the frightening of the horses, yet that persons in charge of public highways ought to make reasonable provision for a matter so common and so likely to happen, and that the direct cause of the injury was the want of a proper barrier at the side of the street.

Per Gordon, J. "We can readily understand the want of precautions in wild and sparsely-settled portions of the State, for the finances of a township are exhausted in making roads even of an inferior character; but we can neither understand nor excuse the motive of a borough of 10,000 inhabitants in refusing to guard a place on its main thorougfare so dangerous as that under consideration, especially when the expense of so doing would be but trifling."— *Borough of Pitts on vs. Hart.*

---

Probably the oldest of the early American statesmen now alive is Judge Peleg Sprague, of Maine. He is eighty-eight years of age and entirely blind.